UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| CONSTANCE KOEHLER,           )<br>                              )<br>            Plaintiff,            )<br>                              )<br>vs.                           )<br>                              )<br>NEVADA BELL TELEPHONE CO. et al., )<br>                              )<br>            Defendants.         )<br>                              ) | 3:14-cv-00660-RCJ-VPC<br><br>**ORDER** |

This case arises out of the denial of short-term disability benefits. Pending before the Court is Plaintiff's Motion to Dismiss (ECF No. 8). For the reasons given herein, the Court grants the motion.

On September 29, 2014, Plaintiff Constance Koehler sued Defendants in the Small Claims Court of Reno Township, a division of the Reno Justice Court. (*See* Aff. Compl., ECF No. 1, at 8). The Affidavit of Complaint ("AoC") alleged Defendants' failure to pay short-term disability benefits and demanded damages of $4049.12 as lost wages. (*See id.*). Plaintiff twice amended the AoC in the Reno Justice Court. The current version of the AoC demanded $4248.83. (*See* Am. Aff. Compl., Nov. 24, 2014, ECF No. 1, at 16). Defendants removed on December 18, 2014 based on ERISA preemption.

Plaintiff has filed a motion to dismiss. Plaintiff notes that the state court judge entered judgment in her favor on December 15, 2014, three days before Defendants removed. At the hearing on that date, the state court judge denied Defendants' stay request and noted that Defendants had not yet removed. (*See id.*). The Court therefore interprets Plaintiff's motion as one for dismissal for lack of appellate jurisdiction. *See, e.g.*, *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923) (noting, as is still true today, that Congress had not given the district courts appellate jurisdiction over the state courts). That is, the state court entered judgment before Defendants removed, the case may not now be re-litigated in this Court or any other court, and this Court has no appellate jurisdiction to review the ruling of the Reno Justice Court.

In response, Defendants address three arguments they have inferred from Plaintiff's motion. Two arguments Defendants identify are that Defendants waived their right to remove and that the state court judge disallowed removal. The Court agrees that if Plaintiff means to make those arguments, the Court rejects them. There is no indication of waiver, and a state court judge cannot deny a defendants' ability to remove. A party wishing to remove simply does so by filing a notice of removal, and it is up to an objecting Plaintiff to move to remand thereafter. *See* 28 U.S.C. §§ 1446–1447. Another argument Defendants identify is that Defendants cannot remove because they did not appeal the decision of the Reno Justice Court to the Second Judicial District Court. The Court agrees that if Plaintiff means to make that argument, the Court rejects it. But ultimately, the Court does not perceive any of these three arguments in Plaintiff's motion. Rather, it perceives the argument noted, *supra*, that once the state court entered judgment, there was no case to remove, and Defendants have made no attempt to address it. Most importantly, Defendants do not in their response deny that the state court judge entered judgment in the case. When that happened, the ability to remove to this Court evaporated.

If Defendants desire review of the state court judge's denial of their motion to stay, they may presumably address that grievance to a court with appellate or extraordinary jurisdiction over the Reno Justice Court, just as they may appeal the state court judge's ruling on the merits. But this Court has no such jurisdiction. The fact that removal might have been proper in this case before entry of judgment is of no import. Once judgment was entered, there was no longer any case or controversy in the character of original jurisdiction to remove, and this Court has no appellate jurisdiction over the Reno Justice Court. *See* Charles Alan Wright, et al. *Federal Practice and Procedure* § 3721 at 25–26 (4th ed. 2009).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 9th day of January, 2015.

                                                              _____
                                                               ROBERT C. JONES
                                                            United States District Judge